UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EVA PIZZARELLI
  *Plaintiff,*

  vs.

TOWN OF CUMBERLAND, by and through
its Mayor JEFFREY MUTTER,
CUMBERLAND POLICE DEPARTMENT,
MATTHEW BENSON, individually and in his
official capacity as Chief of the Cumberland
Police Department, BRANDON M.
CORREIA, individually and in his official
capacity as Sergeant of the Cumberland Police
Department, and JACK S. HALLORAN,
individually and in his official capacity as
Patrolman of the Cumberland Police
Department.
  *Defendants.*

C.A. No. 1:26-cv-00387-JJM-PAS

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come the Defendants, Town of Cumberland, by and through its Mayor Jeffrey

Mutter, Cumberland Police Department, Matthew Benson, individually and in his official

capacity as Chief of the Cumberland Police Department, Brandon M. Correia, individually and in

his official capacity as Sergeant of the Cumberland Police Department, and Jack S. Halloran,

individually and in his official capacity as Patrolman of the Cumberland Police Department, and

hereby answer Plaintiff, Eva Pizzarelli's Complaint as follows:

1. Defendants make no response to Paragraph Nos. 1, 2 and 3 of that untitled portion of the

   Plaintiff's Complaint to the extent that said section attempts to introduce the various claims

   and Counts to follow in the Complaint, and as such, no response is required. However, to

   the extent that any portion of this section is meant to allege facts, claims and/or counts not

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

more specifically stated in the Complaint, and answered below, then said allegations are expressly denied.

As to "Jurisdiction"

2.  Plaintiff's allegations of jurisdiction state legal conclusions properly reserved for the Court. The allegations are, accordingly, denied and the Plaintiff is left to her proof thereof.

As to "Venue"

3.  Plaintiff's allegations of venue state legal conclusions properly reserved for the Court. The allegations are, accordingly, denied and the Plaintiff is left to her proof thereof.

As to "Parties"

4.  Defendants admit the allegations contained in Paragraph Nos. 9 and 10 in that portion of the Plaintiff's Complaint entitled "Parties."

5.  Defendants admit the allegations contained in Paragraph No. 11 to the extent that Cumberland Police Department is the law enforcement agency serving the Town of Cumberland but deny the remaining allegations.

6.  Defendants admit that Matthew Benson is the Chief of Cumberland Police Department as alleged in Paragraph No. 12 of that portion of the Plaintiff's Complaint entitled "Parties" but objects and contests to suit being brought in his individual capacity.

7.  Defendants admit that Brandon M. Correia is a Seargeant of the Cumberland Police Department as alleged in Paragraph No. 13 of that portion of the Plaintiff's Complaint entitled "Parties" but objects and contests to suit being brought in his individual capacity.

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

8.  Defendants admit that Jack S. Halloran is a Patrolman of the Cumberland Police
    Department as alleged in Paragraph No. 14 of that portion of the Plaintiff's Complaint
    entitled "Parties" but objects and contests to suit being brought in his individual capacity.

As to "Factual Allegations"

9.  Defendants admit the allegations contained in Paragraph Nos. 15, 16, 17, 18 and 19 of
    that portion of the Plaintiff's Complaint entitled "Factual Allegations."

10. Defendants admit the allegations contained in Paragraph No. 20 of that portion of the
    Plaintiff's Complaint entitled "Factual Allegations" to the extent that Officer Halloran
    reported having a "clear view" of the driver and described the operator as a white female
    with red hair and approximately 40 years of age. Defendants deny any negative inference.

***"Beginning the Investigation into Identity of Driver"***

11. Defendants admit the allegations contained in Paragraph Nos. 21, 23, 24, 25, 26, 30, 31,
    32 and 33 of that portion of the Plaintiff's Complaint entitled "Factual Allegations –
    Beginning the Investigation into Identity of Driver."

12. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's
    asserted lack of association with Mr. Minasian as alleged in Paragraph No. 22 of that
    portion of the Plaintiff's Complaint entitled "Factual Allegations – Beginning the
    Investigation into Identity of Driver" and therefore deny.

13. Defendants deny any suggestion alleged in Paragraph No. 27 of that portion of the
    Plaintiff's Complaint entitled "Factual Allegations – Beginning the Investigation into
    Identity of Driver" that probable cause rested solely on social media. Defendants admit
    that, based on the description provided and images reviewed, investigators considered
    Plaintiff a suspect.

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

14. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's hair color change and therefore deny the allegations contained in Paragraph Nos. 28 and 29 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Beginning the Investigation into Identity of Driver."

15. Defendants deny the allegations contained in Paragraph Nos. 34 and 35 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Beginning the Investigation into Identity of Driver."

**"Failure to Establish Probable Cause"**

16. Defendants deny the allegations contained in Paragraph Nos. 36, 37, 38, 40 and 41 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Failure to Establish Probable Cause."

17. Defendants admit that Correia did not contact Mr. Minasian or Colon during the investigation and deny any improper inference therefrom to the allegations contained in Paragraph No. 39 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Failure to Establish Probable Cause."

**"Detention of Ms. Pizzarelli"**

18. Defendants admit the allegations contained in Paragraph Nos. 42, 43, 44, 46, 47 and 51 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Detention of Ms. Pizzarelli."

19. Defendants admit the allegations contained in Paragraph No. 45 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Detention of Ms. Pizzarelli" only that Plaintiff denied involvement; the remaining allegations are denied to the extent they imply impropriety.

20. Defendants deny the quoted statement as alleged in Paragraph No. 48 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Detention of Ms. Pizzarelli," Defendants admit only that dialogue occurred as reflected on recordings and reports.

21. Defendants deny the allegations contained in Paragraph Nos. 49 and 50 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Detention of Ms. Pizzarelli."

**"Prosecution of Ms. Pizzarelli"**

22. Defendants admit that criminal proceedings were pending until dismissal on October 14, 2025; the remaining allegations contained in Paragraph No. 52 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Prosecution of Ms. Pizzarelli" are denied to the extent inconsistent with the record.

23. Defendants lack knowledge or information sufficient to form a belief as to the specifics of any DMV administrative action as alleged in Paragraph Nos. 53 and 54 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Prosecution of Ms. Pizzarelli" and therefore deny.

24. Defendants deny the allegations contained in Paragraph No. 55 of that portion of the Plaintiff's Complaint entitled "Factual Allegations – Prosecution of Ms. Pizzarelli."

As to "Count 1 – Civil Rights Violation Under 42 U.S.C. §1983 All Defendants (False Arrest and Unreasonable seizure)"

25. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 55 as said allegations are incorporated in Paragraph No. 56.

26. Defendants deny the allegations contained in Paragraph Nos. 57, 58, 59, 60, 61 and 62 of that portion of the Plaintiff's Complaint entitled "Count 1."

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

As to "Count 2 – Civil Rights Violation Under 42 U.S.C. §1983 All Defendants (Malicious Prosecution)"

27. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. l through 62 as said allegations are incorporated in Paragraph No. 63.

28. Defendants deny the allegations contained in Paragraph Nos. 64, 65, 66, 67, 68, 69 and 70 of that portion of the Plaintiff's Complaint entitled "Count 2."

As to "Count 3 – Negligence Defendants Town of Cumberland, Mutter, CPD, Benson (Failure to Supervise)"

29. .Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. l through 70 as said allegations are incorporated in Paragraph No. 71.

30. Defendants deny the allegations contained in Paragraph Nos. 72, 73, 74, 75 and 76 of that portion of the Plaintiff's Complaint entitled "Count 3."

As to "Count 4 – False Imprisonment All Defendants"

31. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. l through 76 as said allegations are incorporated in Paragraph No. 77.

32. Defendants deny the allegations contained in Paragraph Nos. 78, 79, 80, 81 and 82 of that portion of the Plaintiff's Complaint entitled "Count 4."

33. Paragraph No. 83 appears to re-allege prior allegations; Defendants incorporate prior responses and deny any remaining allegations.

As to "Damages"

34. Defendants deny the allegations contained in Paragraph No. 84 of that portion of the Plaintiff's Complaint entitled "Damages."

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

<u>**AFFIRMATIVE DEFENSES**</u>

Defendants affirmatively plead the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

Defendants plead all forms of statutory and common law immunity, including the public duty doctrine, as a bar to the state law claims contained within Plaintiff's Complaint.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead absolute and qualified immunity as a bar to the within Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable under any and all perceived state law claims contained within Plaintiff's Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants, Matthew Benson, Brandon M. Correira and Jack S. Halloran object and contest the claims made against them in their individual capacities.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to plead and prove any other defenses that become known during the course of discovery and/or trial.

<u>**Defendants demand a trial by jury.**</u>

Defendants,
By their Attorney,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com

*Pizzarelli v. Cumberland*
*C.A. No. 1:26-cv-00387-JJM-PAS*

<u>CERTIFICATION OF SERVICE</u>

       I hereby certify that the within document has been electronically filed with the Court on this 29th of June 2026, and available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will effectuated by electronic means:

       Jose F. Batista, Esq. (#9449)
       j.f.batista1@gmail.com

                         */s/ Marc DeSisto*